John H. Gomez, Esq. (SBN 171485)
John@getgomez.com
James D. Carraway, Esq. (SBN 325423)
James@getgomez.com
Justin S. Hanks, Esq. (SBN 323349)
jhanks@getgomez.com
**GOMEZ TRIAL ATTORNEYS**
755 Front Street
San Diego, California 92101
Tel: (619) 237-3490/Fax: (619) 237-3496

Attorneys for Plaintiff, STEVEN CLARK FENNER, JR.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN CLARK FENNER, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF HEMET, a governmental entity; and DOES 1-100, inclusive,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:**<br><br>**1. Violations of Fourth Amendment pursuant to 42 U.S.C. § 1983**<br>**2. Violation of Civil Rights (Unconstitutional Policy, Custom, or Procedure)**<br>**3. Violation of Civil Rights (Failure to Train and Supervise)**<br>**4. Intentional Infliction of Emotional Distress**<br>**5. Battery**<br>**6. Negligence**<br>**7. California Civil Code § 52.1**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff STEVEN CLARK FENNER, JR ("Plaintiff"), by and through his counsel of record, files this Complaint against Defendants, CITY OF HEMET and DOES 1-100, inclusive (collectively "Defendants"), for violations of federal civil rights and state constitutional rights:

## PARTIES AND VENUE

1. Plaintiff STEVEN CLARK FENNER, JR. is, and was, at all times mentioned herein, a resident and private citizen of the State of California.

2. Plaintiff is informed and believes and thereon alleges that Defendant CITY OF HEMET ("City of Hemet") is, and was, at all times mentioned herein, a duly constituted governmental entity in the State of California, and is, or was, the employer of DOES 1 through 20.

3. Plaintiff is informed and believes and thereon alleges that Defendant DOES 1 – 20 were at all times mentioned herein, citizens of the State of California, and acting under color of law within the course and scope of their employment as law enforcement officers of the City of Hemet. Defendants DOES 1 – 100 were involved in the incident which is the subject of this Complaint. They are being sued individually and in their official capacity.

4. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore, sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to insert their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that

each of these fictitiously named Defendants are legally responsible for the events and happenings referred to herein, and legally hereinafter alleged were proximately caused by the acts of such Defendants, and each of them.

5. This case arises out of severe injuries inflicted upon Plaintiff by Defendants, which occurred within the City of Hemet at 601 N Kirby Street, Unit 347, Hemet, CA 92545.

6. All of the facts, acts, omissions, events, and circumstances herein mentioned and described occurred in the City of Hemet, County of Riverside, State of California, and the corporate and/or entity Defendants, and each of them, are residents of the County of Riverside, State of California, and/or have their principal place of business in said County and State.

7. Plaintiff is informed and believes and thereon alleges that all Defendants employed by Defendant City of Hemet were, at all times relevant and material to this Complaint, acting within the course and scope of their employment duties for Defendants City of Hemet, and under color of law.

8. Plaintiff is informed and believes and thereon alleges that each of the individual Defendants' acts and/or omissions were known to, discovered by, approved by, and/or ratified by Defendants City of Hemet by and through their policy makers, decision makers, officials, officers, and/or supervisors, including all applicable DOE Defendants.

9. Plaintiff is informed and believes and thereupon alleges that all Defendants

employed by DOE Defendants, at all times relevant and material to this Complaint, were acting within the course and scope of their employment duties for DOE Defendants, under color of law. Plaintiff is informed, believes, and thereupon alleges that each of the individual Defendants' acts were known to, discovered by, approved by, and/or ratified by DOE Defendants, by and through policy makers, decision makers, and/or supervisors, including applicable DOE Defendants.

10. Plaintiff is informed and believes and thereon alleges that officials, supervisors, policymakers, and other individuals within the authority to set or modify municipal and/or departmental policies, of Defendants City of Hemet and/or DOE Defendants, participated in, approved of, ratified, and/or failed to prevent the acts by all Defendants and DOE Defendants of which Plaintiff complains herein.

11. Defendant City of Hemet also acted through and is liable by virtue of its policymakers, and/or their subordinates who had been delegated final policymaking authority. The City of Hemet's final policymakers, and/or their subordinates were acting under color of state law. Their final policymaking authority concerned all constitutional violations described in this Complaint.

12. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants, including supervisors, watch commanders, and other policymakers from Defendant City of Hemet and/or DOE Defendants and their agents, was the agent, employee, or co-conspirator of each other, some, or all of their Co-Defendants. Plaintiff is informed and believes and thereon alleges that each of the

Defendants, acting individually and/or in concert with each other, engaged in a common plan to wrongfully deprive Plaintiff of his respective rights to freedom from excessive force, freedom from cruel and unusual punishment and due process of law, among others described herein. Each and all of the things done by Defendants, and each of them against Plaintiff, as mentioned in this Complaint, were done partially if not entirely because of Plaintiff's expressive conduct. In doing each and all of the things herein mentioned, or neglecting or intentionally failing to rectify said misconduct, each and all Defendants were acting pursuant to a policy and within the scope of such agency, employment, and conspiracy and with full permission, knowledge, approval, ratification, and support of each other.

## **JURISDICTION AND VENUE**

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as it arises under 42 U.S.C. §§ 1983, 1988, and California state law.

14. This Court has personal jurisdiction over all Defendants as Plaintiff is informed and believes and thereon alleges that each is a resident of California.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as the events or omissions giving rise to the claim occurred in Riverside County, which is within this judicial district.

16. On October 21, 2024, within six months of the conduct of the Defendants giving rise to this lawsuit, and which caused Plaintiff's injuries, Plaintiff timely complied

with the California Government Tort Claims Act under California Government Code section 910 by filing a claim for damages with the City of Hemet.

17. On April 8, 2025, the City of Hemet rejected Plaintiff's claim. Plaintiff has therefore complied with the California Government Tort Claims Act and timely filed this Complaint.

## FACTUAL ALLEGATIONS

18. Plaintiff repeats, realleges, and incorporates each of the preceding paragraphs as though set forth in full herein.

19. On or about May 3, 2024, Plaintiff was in the custody of Defendants following an incident at his grandmother's house, located at 601 N Kirby Street, Unit 347, Hemet, CA 92545. ("SUBJECT LOCATION").

20. While in Defendants' custody, Plaintiff was asked to place his hands on his head, which he complied with.

21. All the sudden, Plaintiff was rushed at and tackled to the ground by City of Hemet Police Officer Toledo. The force of the tackle threw Plaintiff to the ground, causing him to land hard on his back. ("SUBJECT INCIDENT").

22. Plaintiff was in immediate and severe pain. He was taken by Defendants to the hospital, where he was rushed to receive spinal surgery. Plaintiff is still suffering from his injuries.

23. Plaintiff is informed and believes and thereon alleges that this incident is the result of the failure of the City of Hemet to supervise, train, and discipline its officers as

to act such as those complained of herein, and that such failure is in the face of an obvious likelihood that individuals' like Plaintiff's constitutional rights have been, and are likely to be, violated without appropriate supervision, training, and discipline.

24. Plaintiff is informed, believes, and thereon alleges that Defendant City of Hemet has policies, customs, or practices of inadequately investigating their law enforcement officer employees upon complaints of misconduct or Claims for Damages involving police misconduct.

25. Plaintiff is informed, believes, and thereon alleges that Defendant City of Hemet has a policy, custom, or practice of failing to discipline, failing to investigate, and retaining of personnel who commit violations of individuals constitutional rights.

26. Plaintiff is informed, believes, and thereon alleges that Defendant City of Hemet has a policy, custom, or practice of condoning, ratifying, failing to discipline, failing to investigate, and/or retaining, personnel who use excessive and/or unjustified force upon citizens with whom they come into contact in violation of constitutional rights.

27. Said failures are intentional and/or the result of deliberate indifference on the part of the City of Carlsbad, by and through their decisionmakers.

28. As a direct and legal result of the Subject Incident, and due to each and every act and/or omission of Defendants, and each of them, Plaintiff suffered: violation of civil rights, loss of enjoyment of life, loss of privacy, loss of personal liberty and freedom, and economic and non-economic injuries, including past and future medical expenses, past and future loss of earnings, as well as past and future general damages including physical

pain, mental suffering, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, emotional distress, and other foreseeable damages to be proven at the time of trial, but in excess of any jurisdictional limit of this Court.

29. Plaintiff endured, and continues to endure, substantial pain and suffering due to each and every act and omission of all Defendants, and each of them.

## **FIRST CAUSE OF ACTION**

*Violation of Civil Rights (42 U.S.C. § 1983)*
*Fourth Amendment (Excessive Force)*
*By Plaintiff Against Defendants and DOES 1 – 100*

30. Plaintiff repeats, realleges, and incorporates each of the preceding paragraphs as though set forth in full herein.

31. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the Fourth Amendment to the United States Constitution.

32. The Fourth Amendment guarantees Plaintiff's protection against excessive force by officers.

33. The unlawful, unwanted, unjustified and extremely harmful tackle to the ground by City of Hemet Police Officer Toledo constituting a battery was without lawful basis, reasonable suspicion, probable cause, warrant, or any recognized exception, justification, or excuse, and was thus an unreasonable violation of Plaintiff's Fourth Amendment rights and protection from excessive force.

34. These acts were deliberate and in contemplation of intimidating the Plaintiff. Defendants acted with malice and oppression and Plaintiff was detained, mocked, and

battered by Defendants and DOES 1 – 100, and each of them, who were government agents, all acting under the guise of their sworn duties as officers of the law.

35. As a direct and legal result of the Subject Incident, and due to each and every act and/or omission of Defendants, and each of them, Plaintiff suffered: violation of civil rights, loss of enjoyment of life, loss of privacy, loss of personal liberty and freedom, and economic and non-economic injuries, including past and future medical expenses, past and future loss of earnings, as well as past and future general damages including physical pain, mental suffering, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, emotional distress, and other foreseeable damages to be proven at the time of trial, but in excess of any jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

*Violation of Civil Rights (42 U.S.C. § 1983)*
*Monell – Unconstitutional Policy, Custom, or Procedure*
*By Plaintiff Against Defendant City of Hemet and DOES 1 – 100*

36. Plaintiff repeats, realleges, and incorporates each of the preceding paragraphs as though set forth in full herein.

37. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the Fourth Amendment to the United States Constitution.

38. Defendant City of Hemet violated Plaintiff's constitutional rights, as alleged *supra*, by creating and maintaining the following unconstitutional customs and practices, *inter alia*:

a. Plaintiff is informed, and believes, and thereon alleges that Defendant

City of Hemet has a policy, custom, and/or practice of harassing, intimidating, and threatening to physically batter persons with who encounter City of Hemet law enforcement officers;

b. Plaintiff is informed, and believes, and thereon alleges that Defendant City of Hemet has a policy, custom, and/or practice of inadequately investigating their law enforcement officer employees upon complaints of misconduct or Claims for Damages involving police misconduct;

c. Plaintiff is informed, and believes, and thereon alleges that Defendant City of Hemet has a policy, custom, and/or practice of failing to discipline, failing to investigate, and/or retaining personnel who commit batter to persons in violation of constitutional rights;

d. Plaintiff is informed, and believes, and thereon alleges that Defendant City of Hemet has a policy, custom, and/or practice of condoning, ratifying, failing to discipline, failing to investigate, and or retaining, personnel who use excessive and/or unjustified force upon citizens with whom they come into contact in violation of constitutional rights;

e. Facially deficient policies that any reasonable policymaker would recognize the need to take action, including but not limited to, Hemet Police Department's Use of Force Policy No. 300. Specifically, the language of Policy 300.3.4 (Pain Compliance Techniques) is facially deficient in that its interpretation and ambiguity leads officers to use

excessive force, just as Defendants did in this SUBJECT INCIDENT with Plaintiff.

f. Plaintiff is informed, and believes, and thereon alleges that Defendant City of Hemet had notice of the above policies and trainings as they were ratified by an official with policy-making authority; and

g. Plaintiff is informed, and believes, and thereon alleges that Defendant's Officers have been involved in numerous other acts of misconduct and excessive force against victims.

39. There are clear systemic issues within the City of Hemet as stated above.

40. The aforementioned policies or customs caused and were the moving force and/or the direct and legal cause behind the violations of Plaintiff's constitutional rights at issue in this case.

41. Plaintiff is informed, and believes, and thereon alleges that these policies, practices, customs, and procedures are intentional and/or the result of deliberate indifference on the part of Defendant City of Hemet, by and through its decisionmakers.

42. As outlined above, the failure of Defendant City of Hemet and DOES 1 – 100, to discipline officers and deputies after having been informed of the above-noted deficient and unconstitutional policies and practices amounts to municipal policies, ratified by those final decisionmakers as well.

43. As a direct and legal result of the Subject Incident, and due to each and every act and/or omission of Defendants, and each of them, Plaintiff suffered: violation of civil

rights, loss of enjoyment of life, loss of privacy, loss of personal liberty and freedom, and economic and non-economic injuries, including past and future medical expenses, past and future loss of earnings, as well as past and future general damages including physical pain, mental suffering, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, emotional distress, and other foreseeable damages to be proven at the time of trial, but in excess of any jurisdictional limit of this Court.

## **THIRD CAUSE OF ACTION**

*Violation of Civil Rights (42 U.S.C. § 1983)*
*Monell – Failure to Train, Supervise, Discipline, or Correct*
*By Plaintiff Against Defendant City of Hemet and DOES 1 – 100*

44. Plaintiff repeats, realleges, and incorporates each of the preceding paragraphs as set forth fully herein.

45. This cause of action arises under 42 U.S.C. 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the Fourteenth Amendment to the United States Constitution.

46. Defendant City of Hemet, and DOES 1 – 100, and each of them, were acting under color of state law because its employees and agents were acting or purporting to act in the performance of their official duties as deputies and employees of the City of Hemet when they violated Plaintiff's constitutional rights as alleged *supra*.

47. Defendant City of Hemet and DOES 1 – 100, and each of them, created and maintained the following unconstitutional customs and practices, *inter alia*:

a. Plaintiff is informed and believes, and thereon alleges that Defendant City of Hemet had ample reason to know, based on reports and claims for

damages, *inter alia*, that City of Hemet Law Enforcement officers and/or employees regularly engage in the misdeeds set forth in this entire Complaint;

b. Plaintiff is informed and believes, and thereon alleges that Defendant City of Hemet has failed to properly train, supervise, and/or discipline employees, officers, managers, law enforcement officers, and supervisors within the City of Hemet as to the legal requirements and protections applicable to persons as set forth in the United States and Californian Constitutions, and other laws; and

c. Plaintiff is informed and believes and thereon alleges that said failures are intentional and/or the result of deliberate indifference on the part of the City of Hemet, by and through its decisionmakers.

48. Further, Plaintiff is informed and believes and thereon alleges that Defendant City of Hemet has a policy, custom, and/or practice of harassing, intimidating, and physically battering persons who come into contact with their law enforcement officers.

49. Plaintiff is informed and believes and thereon alleges that Defendant City of Hemet has a policy, custom, and/or practice of inadequately investigating their law enforcement officer employees upon complaints of misconduct or Claims for Damages involving police misconduct.

50. Plaintiff is informed and believes and thereon alleges that Defendant City of Hemet has a policy, custom, and/or practice of failing to discipline, failing to investigate,

and of retaining personnel who falsely detain persons in violation of constitutional rights.

51. The aforementioned policies, customs, trainings, and/or practices caused an were the moving force and/or direct and legal cause behind the violations of Plaintiff's constitutional rights at issue in this case.

52. As outlined above, the failure of the City of Hemet and Does 1 – 100, to discipline officers after having been informed of the above-noted deficient and unconstitutional policies put the Defendants on actual and constructive notice that its practices with regard to Policy 300 and included policies within mentioned above were substantially certain to result in the violation of the constitutional rights of [its] citizens.

53. As a direct and legal result of the Subject Incident, and due to each and every act and/or omission of Defendants, and each of them, Plaintiff suffered: violation of civil rights, loss of enjoyment of life, loss of privacy, loss of personal liberty and freedom, and economic and non-economic injuries, including past and future medical expenses, past and future loss of earnings, as well as past and future general damages including physical pain, mental suffering, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, emotional distress, and other foreseeable damages to be proven at the time of trial, but in excess of any jurisdictional limit of this Court.

## **FOURTH CAUSE OF ACTION**

*Intentional Infliction of Emotional Distress*
*By Plaintiff Against All Defendants*

54. Plaintiff repeats, realleges, and incorporates each of the preceding paragraphs as though set forth in full herein.

55. This cause of action arises under the general laws of the State of California, inclusive of California Civil Code section 1714.

56. Plaintiff complied with the California Tort Claims Act.

57. Section 820 of the California Government Code clarifies that this general duty of care extends to public employees "to the same extent as a private person."

58. Defendant City of Hemet is liable to Plaintiff for the acts of its public employees, the individual Defendants herein, for conduct an/or omissions herein alleged, pursuant to the doctrine of *Respondeat Superior*, codified in California Government Code section 815.2.

59. California Government Code section 844.6 also clarifies that "[n]othing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission."

60. A "public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care, and he fails to take reasonable action to summon such medical care." (Cal. Gov't Code §845.6.)

61. Here, Defendants deliberately caused Plaintiff great emotional distress when City of Hemet Police Officer Toledo rushed at Plaintiff and forcibly tackled him to the ground.

62. As a direct and legal result of Defendants', and each of their, deliberately indifferent, shocking, and oppressive acts and omissions as alleged throughout this entire

Complaint, Defendants caused Plaintiff to suffer severe emotional distress, thereby harming Plaintiff.

**FIFTH CAUSE OF ACTION**

*Battery*

*By Plaintiff Against All Defendants*

63. Plaintiff repeats, realleges, and incorporates each of the preceding paragraphs as though set forth in full herein.

64. This cause of action arises under the general laws of the State of California.

65. Plaintiff complied with the California Tort Claims Act.

66. Plaintiff was touched by City of Hemet Police Officer Toledo in a harmful and unwanted manner. Specifically, Plaintiff was unjustly charged at and tackled forcibly to the ground, fracturing his spine and necessitating emergency surgery.

67. As a direct and legal result of Defendants' acts and omissions as alleged throughout this entire Complaint, Defendants battered Plaintiff, causing him permanent and severe emotional and physical injuries.

68. Defendant City of Hemet is liable to Plaintiff for the acts of its public employees, the individual Defendants herein, for conduct an/or omissions herein alleged, pursuant to the doctrine of *Respondeat Superior*, codified in California Government Code section 815.2.

**SIXTH CAUSE OF ACTION**

*Negligence*

*By Plaintiff Against All Defendants*

69. Plaintiff repeats, realleges, and incorporates each of the preceding

paragraphs as though set forth in full herein.

70. City of Hemet Police Officer Toledo had a duty of care not to use excessive force on Plaintiff to effectuate a detainment and/or arrest. Officer Toledo breached this duty when he caused Plaintiff to be charged at and tackled forcibly to the ground.

71. As a proximate and direct cause of Officer Toledo's breach of this duty, Plaintiff was severely injured.

72. As a direct and legal result of the Subject Incident, and due to each and every act and/or omission of Defendants, and each of them, Plaintiff suffered: violation of civil rights, loss of enjoyment of life, loss of privacy, loss of personal liberty and freedom, and economic and non-economic injuries, including past and future medical expenses, past and future loss of earnings, as well as past and future general damages including physical pain, mental suffering, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, emotional distress, and other foreseeable damages to be proven at the time of trial, but in excess of any jurisdictional limit of this Court.

73. The City of Hemet is liable for the acts, omissions, and conduct of its employees pursuant to California Government Code Section 815.2.

## SEVENTH CAUSE OF ACTION

*Violation of California Civil Code § 52.1*
*By Plaintiff Against All Defendants*

74. Plaintiff repeats, realleges, and incorporates each of the preceding paragraphs as though set forth in full herein.

75. Defendants, and each of them, violated Plaintiff's clearly established rights

under United States and California Constitutions, as well as state and federal law, which include but are not limited to the following:

a. Fourth Amendment to the United States Constitution;

b. Fourteenth Amendment to the United States Constitution; and

c. California Constitution, Article 1, Section 1 (Right to Happiness and Privacy)

76. Defendants violated Plaintiff's clearly established rights under United States and California law by threats, intimidation, and/or coercion. Further, each act and/or violation of rights done by each Defendant to Plaintiff was done by way of threats, intimidation, and/or coercion beyond that inherent in each act and/or violation of rights itself.

77. Plaintiff was unjustly charged at and tackled forcibly to the ground, fracturing his spine and necessitating emergency surgery.

78. As a direct and legal result of the Subject Incident, and due to each and every act and/or omission of Defendants, and each of them, Plaintiff suffered: violation of civil rights, loss of enjoyment of life, loss of privacy, loss of personal liberty and freedom, and economic and non-economic injuries, including past and future medical expenses, past and future loss of earnings, as well as past and future general damages including physical pain, mental suffering, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, emotional distress, and other foreseeable damages to be proven at the time of trial, but in excess of any jurisdictional limit of this Court.

79. The City of Hemet is liable for the acts, omissions, and conduct of its employees pursuant to California Government Code Section 815.2.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

(1) For past and future general damages in an amount to be proven at trial;

(2) For special damages including but not limited to: past and future medical expenses, incidental expenses, future lost wages and future lost earning capacity, according to proof;

(3) For punitive damages pursuant to 42 U.S.C. section 1983 and California Civil Code section 3924 and 52.1(b), and any other applicable laws or statutes, in an amount sufficient to deter;

(4) For statutory damages, according to proof;

(5) For reasonable attorneys' fees pursuant to 42 U.S.C. sections 1983, 1988; California Civil Code sections 52.1, 52(b)(3); California Code of Civil Procedure section 1025.1; and any other applicable provisions; and

(6) For such other relief as the court deems just and proper.

///

///

///

///

///

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all claims so triable.

DATED: September 29, 2025

**GOMEZ TRIAL ATTORNEYS**

By: ______________________

John H. Gomez, Esq.
James D. Carraway, Esq.
Justin S. Hanks, Esq.

Attorneys for Plaintiff